UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE BORDELAIS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Civil Action No. 1:24-cv-00770 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, has filed a complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application and, for the reasons explained below, it dismisses this case. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff, a resident of France, sues the United States for damages, citing to provisions of the Hague Convention, codified through the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq*. (formerly 42 U.S.C. § 11601 *et seq*.), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). *See* Compl. at 1–2, 4, 6–17. He alleges that, in 2016, while he, his wife, and his daughter, were all living in Switzerland together, his wife abducted their daughter and absconded with her to Naperville, Illinois, without legal authority and without his consent. *See id*. at 7. He further alleges that he filed a formal notice under the ICARA with "the Swiss Federal Office of Justice FOJ," who coordinated with the United States Department of State, but that the federal government declined to assist him, and then ultimately denied his claim for his daughter's return, causing him emotional distress and hardship. *See id*. at 4, 7–8, 16–17. More specifically, he contends that defendant's "conduct has caused and continues to cause [him] considerable tort by obstructing the rightful return of his daughter and irreparably

damaging the parent-child relationship with long-term consequences[,]" *id.* at 6, and that defendant has "prevent[ed] [him] from exercising his constitutional rights under the fourteenth amendment of the Constitution which protects the fundamental right of parents to direct the care, upbringing and education of his daughter[,]" *id.* at 16. As recompense, he demands $75 million. *See id.* at 4, 18. Plaintiff faces hurdles here that he cannot overcome.

At the outset, the court notes that the Fourteenth Amendment, *see id.* at 16, does not apply to federal government, its agencies, or its officials, *see Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). Even if the court were to construe plaintiff's due process claims by and through the Fifth Amendment, it is still of no consequence. Notably "[a]lthough the FTCA generally waives the government's sovereign immunity, there are several exceptions[,]" *Williams v. Wilkie*, 320 F. Supp. 3d 191, 198 (D.D.C. 2018), more than one of which apply to plaintiff's claims.

First, plaintiff has attempted to raise a due process claim for damages under the FTCA, which he cannot do, because the FTCA does not waive the sovereign immunity of United States for constitutional claims. *See FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994); *Clark v. Lib. Of Congress*, 750 F.2d 89, 102–04 (D.C. Cir. 1984); *see also* 28 U.S.C. §§ 1346(b)(1), 2679(b). This is specifically true in the context of claims for damages to one's fundamental parental rights. *See Rodriguez ex.rel. Rodriguez-Hazbun v. Nat'l Cntr. of Missing & Exploited Children,* No. 03-cv-120, 2005 WL 736526, at *13 (D.D.C. March 31, 2005) (holding that the "plaintiffs' constitutional claims [under the Fifth Amendment] for access to the courts, to petition the government, violation of their rights to society and companionship of the father-son relationship, and any other of these charges which could be construed as constitutional torts, must be dismissed as there is no applicable waiver of sovereign immunity") (fn. omitted) (citing cases), *aff'd*, No. 05-5130, 2005 WL 3843612 (D.C. Cir. Oct. 14, 2005), *cert. denied*, 547 U.S. 1106 (2006); *Stone v.*

*United States*, No. 22-00014, 2022 WL 943606, at *4 (D. Haw. March 29, 2022) ("Plaintiff's allegation of wrongful interference with his 'parental rights,' which the court construes as a reference to his parental rights under the Due Process Clause of the Fifth Amendment . . . fails in light of the United States' sovereign immunity.") (fn. omitted).

Second, the FTCA is inapplicable to "[a]ny claim arising in a foreign country." 28 U.S.C. § 2680(k); *see Stone v. United States*, No. 19-3273, 2020 WL 4260711, at *7 (D.D.C. July 24, 2020) (same). This "foreign country exception" is relevant "to all claims that are based on an injury *a plaintiff suffered in a foreign country*, 'regardless of where the tortious act or omission occurred.'" *Id.* (emphasis added) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 712 (2004); citing *Harbury v. Hayden*, 522 F.3d 413, 423 (D.C. Cir. 2008)). Here, plaintiff's wife allegedly abducted and fled with their daughter from Switzerland, where plaintiff remained and unsuccessfully sought her return from the defendant, thus implicating the foreign country exception. *See id.*; *see also Mesnaoui v. Christopher*, No. Civ. S–10–1129, 2010 WL 2740162, at *2 (E.D. Cal. July 9, 2010) (finding that the plaintiff failed to state an FTCA claim against the government, where he alleged that officials conspired to commit fraud by issuing a passport to his minor daughter, so that his wife could then abduct her and transport her from Morocco to the United States); *see id.* at n.2 (same).

Finally, although plaintiff attempts to frame this case under the umbrella of the FTCA, he discusses, at length, defendant's alleged breaches of the ICARA, *see* Compl. at 8–15, but such breach, standing alone, is not a tort "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred[,]" 28 U.S.C. § 1346(b)(1). Indeed, the ICARA does not permit private damages claims against the United States. *See Stone*, 2022 WL 943606, at *4 (citing Pub. L. No. 100-300, 102 Stat. 437

(1988)). Moreover, an ICARA petition must be filed "in [the] state or federal district court for the return of a child located within the court's jurisdiction, . . . . [b]ecause [the] ICARA requires reviewing courts to have personal jurisdiction over the abducted child." *Stone*, 2020 WL 4260711, at *3 (quoting *Fernandez v. Bailey*, 909 F.3d 353, 359 (11th Cir. 2018) (other citation and internal quotation marks omitted). Plaintiff has indicated that his daughter's last known location is Naperville, Illinois, and although her current location is unconfirmed, there is no information to demonstrate that she resides in this District. *See* Compl. at 7, 11.

For all of these reasons, this case is dismissed. Plaintiff's motion for CM/ECF password, ECF No. 3, is denied as moot. A separate order accompanies this memorandum opinion.

Date: May 6, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge